UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

**PHILLIP JAY CURLETT,**

    Movant,

v.                                  No. 4:25-cv-1253-P
                                       (No. 4:23-cr-0283-P)

**UNITED STATES OF AMERICA,**

    Respondent.

## OPINION AND ORDER

Came on for consideration the motion of Phillip Jay Curlett under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody. The Court, having considered the motion, the response, the reply, the record, and applicable authorities, concludes that the motion must be **DENIED**.

## BACKGROUND

On October 12, 2023, Movant was named in a one-count indictment charging him with conspiracy to commit sex trafficking through force, fraud, and coercion, in violation of 18 U.S.C. § 1594(c). CR ECF No. 30. Movant and his counsel signed a written plea agreement pursuant to FED. R. CRIM. P. 11(c)(1)(C) with waiver of appeal. CR EC No. 37. The plea agreement reflected that: Movant was subject to imprisonment for life; the parties agreed that an appropriate term of imprisonment would be no more than 360 months; the government would not bring any additional charges against Movant based on the conduct underlying and related to the plea; the plea was freely and voluntarily made and not the result of force, threats, or promises; there had been no guarantees or promises from anyone as to what sentence the Court would impose; Movant waived his right to appeal or otherwise challenge his sentence except in certain limited circumstances; and, Movant had thoroughly reviewed all legal and factual aspects of his case with counsel and was fully satisfied with counsel's legal representation. *Id.* They also signed

a factual resume, which set forth that Movant faced a term of imprisonment of life, the elements of the offense (including that Movant had entered into an agreement to commit the crime of sex trafficking by means of force, threats of force, fraud or coercion), and the stipulated facts establishing that Movant had committed the offense. CR ECF No. 38.

On October 30, 2023, Movant appeared for arraignment and testified under oath in open court that: he understood the charge against him (which was read aloud); he understood the essential elements of the charge (which were also read aloud); he committed all of the essential elements; he had discussed the charge with counsel and was fully satisfied with the representation provided to him; he signed the plea agreement; he understood it before he signed it; he read and understood the waiver of right to appeal and discussed it with counsel before signing the plea agreement; he voluntarily and of his own free will entered into the plea agreement; other than the written plea agreement, no one had made any promise or assurance to him of any kind to induce him to enter a plea of guilty; no one had attempted to force him to enter the plea; he understood he faced a term of imprisonment of life but that the government had agreed that a sentence of no more than 360 months would be appropriate; he understood that the Court would have to accept the agreement as to the length of the sentence; and, he had read and understood the factual resume before signing it and all the facts stated in it were true and correct. CR ECF No. 68.

The probation officer prepared the presentence report ("PSR"), which reflected that, after treating the conspiracy count as multiple counts, Movant's base offense level was 34. CR ECF No. 43, ¶¶ 36, 37, 43. He received a two-level adjustment for his role as organizer, leader, manager, or supervisor. *Id.* ¶¶ 40, 46. After applying the relevant enhancements and reduction for acceptance of responsibility, the PSR concluded that Movant's total offense level was 35. *Id.* ¶ 56. His criminal history category was VI, *id.* ¶ 141, which included convictions for assault causing bodily injury to a family member, aggravated promotion of prostitution, domestic assault and battery in the presence of a minor, and domestic abuse-prior pattern of physical abuse. *Id.* ¶¶ 95–97, 102,

104. His guideline imprisonment range was 292 to 365 months. *Id.* ¶ 141. The PSR noted that Movant benefitted greatly from the plea agreement because the government had agreed not to pursue charges related to Movant's conduct relating to eight additional identified victims. *Id.* ¶ 144.

The Court sentenced Movant to a term of imprisonment of 360 months in accordance with the agreement of the parties that the sentence would not exceed that amount. CR ECF No. 55. Movant appealed, CR ECF No. 56, despite having waived the right to do so. CR ECF No. 37, ¶ 13. Counsel filed a motion to withdraw and a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967). Movant filed a response. The United States Court of Appeals for the Fifth Circuit concurred with counsel that the case presented no nonfrivolous issues and dismissed the appeal. *United States v. Curlett*, No. 24-10142, 2024 WL 4039748 (5th Cir. Sept. 4, 2024).

## GROUNDS OF THE MOTION

Movant asserts two grounds in support of his motion, alleging that his plea was not knowing and voluntary and that he received ineffective assistance of counsel. ECF No. 1 at 4–5.[1]

## APPLICABLE LEGAL STANDARDS

### A. § 2255

After conviction and exhaustion, or waiver, of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted. *United States v. Frady*, 456 U.S. 152, 164 (1982); *United States v. Shaid*, 937 F.2d 228, 231–32 (5th Cir. 1991). A defendant can challenge his conviction or sentence after it is presumed final on issues of constitutional or jurisdictional magnitude only and may not raise an issue for the first time on collateral review without showing both cause for his procedural default and "actual prejudice" resulting from the errors. *Shaid*, 937 F.2d at 232.

---

[1] The page references to the motion are to "Page __ of 14" reflected at the top right portion of the document on the Court's electronic filing system.

Section 2255 does not offer recourse to all who suffer trial errors. It is reserved for transgressions of constitutional rights and other narrow injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. *United States v. Capua*, 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 1981). In other words, a writ of habeas corpus will not be allowed to do service for an appeal. *Davis v. United States*, 417 U.S. 333, 345 (1974); *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). Further, if issues "are raised and considered on direct appeal, a defendant is thereafter precluded from urging the same issues in a later collateral attack." *Moore v. United States*, 598 F.2d 439, 441 (5th Cir. 1979) (citing *Buckelew v. United States*, 575 F.2d 515, 517–18 (5th Cir. 1978)).

## B. Ineffective Assistance of Counsel

To prevail on an ineffective assistance of counsel claim, a movant must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984). "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." *Strickland*, 466 U.S. at 697; *see also United States v. Stewart*, 207 F.3d 750, 751 (5th Cir. 2000). "The likelihood of a different result must be substantial, not just conceivable," *Harrington v. Richter*, 562 U.S. 86, 112 (2011), and a movant must prove that counsel's errors "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Cullen v. Pinholster*, 563 U.S. 170, 189 (2011) (quoting *Strickland*, 466 U.S. at 686). Judicial scrutiny of this type of claim must be highly deferential and the defendant must overcome a strong presumption that his counsel's conduct falls within the wide range of reasonable professional assistance. *Strickland*, 466 U.S. at 689. Simply making conclusory allegations of deficient performance and prejudice is not sufficient to meet the *Strickland* test. *Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000).

## ANALYSIS

In his first ground, Movant alleges that his plea was not knowing and voluntary because counsel (1) promised him that he would receive a sentence of 20 years' imprisonment if he pleaded guilty and (2) failed to advise him that "persuasive precedent" supported a base offense level of 14 rather than 34. ECF No. 1 at 4; ECF No. 2 at 6. In support of his allegations, he has submitted a wholly conclusory declaration. ECF No. 5.

Any contention that Movant's plea (including the appeal waiver) was not knowing and voluntary is wholly belied by the record. Movant's plea agreement, CR ECF No. 37, and factual resume, CR ECF No. 38, are entitled to a presumption of regularity and carry great evidentiary weight. *United States v. Abreo*, 30 F.3d 29, 32 (5th Cir. 1994). His solemn declarations in open court, admitting among other things that he understood the penalties he faced, that his plea was knowing and voluntary, that no one had promised him anything to induce him to plead guilty, and that he was fully satisfied with counsel, carry a strong presumption of verity. *Blackledge v. Allison*, 431 U.S. 63, 74 (1977). Movant has not produced any independent indicia of the likely merit of any of his allegations to refute his sworn testimony and is not entitled to an evidentiary hearing.[2] *United States v. Cervantes*, 132 F.3d 1106, 1110 (5th Cir. 1998). Movant has not shown that there is a reasonable probability that, but for counsels' alleged errors, he would not have pled guilty and would have insisted on going to trial. *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). His own *ipse dixit* is insufficient to meet this burden. *See Lee v. United States*, 582 U.S. 357, 369 (2017).

In support of his first and second grounds, Movant argues that his base offense level should have been 14 instead of 34, relying on *United States v. Wei Lin*, 841 F.3d 823 (9th Cir. 2016). Movant is mistaken. Unlike *Wei Lin*, the facts of this case reflect that Movant's indictment, the plea agreement, the factual resume, and the judgment specifically referred to 18 U.S.C. §§ 1591(a)(1) and (b)(1), CR ECF No. 30, 37, 38, & 55, and that he stipulated that he used force and threats of force to cause

---

[2] As stated, the motion is supported only by the conclusory declaration.

his victims to engage in commercial sex at his direction. CR ECF No. 38 at 3. As the government points out, Movant's case is more like *United States v. Sims*, 957 F.3d 362 (3d Cir. 2020), and *United States v. Carter*, 960 F.3d 1007 (8th Cir. 2020). ECF No. 10 at 13. As noted at sentencing, Movant admitted to sex trafficking eleven different females and breaking the jaw of one. Another victim described him as beating her so badly that she was left in a pool of her own blood, unsure if she would wake up in the morning. CR ECF No. 69 at 10. This is not a case where a lower base offense level would have been appropriate much less required.

Movant has not shown that counsel gave him any "misadvice," ECF No. 2 at 12, much less that counsel provided ineffective assistance in any respect. The declaration that counsel "disregarded every piece of exculpatory evidence [he] provided to her and dismissed each potential ground for suppression or viable trial defense" is wholly conclusory and unsupported by any independent evidence. ECF No. 5 at 2. In fact, Movant never describes what evidence or legal arguments he is referencing. The evidence against Movant was overwhelming and he faced a life sentence. Movant has not shown that counsel failed to make any "solid, meritorious arguments based on directly controlling precedent" that would have changed the outcome. *United States v. Owens*, 94 F.4th 481, 486 (5th Cir. 2024). Counsel did not render ineffective assistance in failing to raise meritless objections. *Clark v. Collins*, 19 F.3d 959, 966 (5th Cir. 1994); *Smith v. Puckett*, 907 F.2d 581, 585 n.6 (5th Cir. 1990).

## CONCLUSION

For the reasons discussed, Movant's motion is **DENIED**.

Further, for the reasons discussed herein, pursuant to 28 U.S.C. § 2553(c), a certificate of appealability is **DENIED**.

**SO ORDERED** on this **12th day** of **February 2026.**

Mark T. Pittman
UNITED STATES DISTRICT JUDGE